IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PHILIP STRATMAN, | ) |
|               Plaintiff, | ) |
|       v. | ) No. 4:18-CV-540-RK |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | ) |
|               Defendant. | ) |

## ORDER

Before the Court is Philip Stratman's Motion to Remand. (Doc. 8.) The Motion is fully briefed. (Docs. 9, 11, 12.) After careful consideration and for the reasons below, the Motion is **GRANTED**. This action is remanded to the Circuit Court of Jackson County, Missouri.

### Background[1]

On December 13, 2016, the Circuit Court of Jackson County, Missouri, entered judgment against Stratman and in favor of Steve and Sarah Holdeman in the amount of $34,311,833.22 for injuries stemming from an automobile accident. At the time of the accident, Stratman held an automobile insurance policy with Defendant Allstate Fire and Casualty Insurance Company ("Allstate") that was in effect. When the judgment was not paid, on March 27, 2017, the Holdemans filed an equitable garnishment action in Missouri state court against Allstate and Stratman to collect insurance coverage to pay the judgment. *Steve Holdeman and Sarah Holdeman v. Allstate Fire and Casualty Insurance Company and Philip Stratman,* Case No. 1716-CV07077.

On May 4, 2017, Allstate filed its answer to the Holdemans' Petition. On June 20, 2018, Stratman filed an answer to the Holdemans' Petition and asserted a cross-claim against Allstate in which Stratman alleges that Allstate acted in bad faith in refusing to settle the Holdemans' underlying tort claim against him. On July 18, 2018, the Holdemans dismissed the garnishment action with prejudice as part of a settlement, which was documented in a Settlement Agreement dated two days earlier. All that remained was Stratman's cross-claim against Allstate. Following the dismissal, on July 18, 2018, Allstate removed the case to federal court based on diversity jurisdiction.

---

[1] The background facts are not contested and are taken from the Notice of Removal and state court Petition.

In its Notice of Removal, Allstate aligns Stratman as Plaintiff and asserts that there is now complete diversity between it (Illinois) and Stratman (Missouri). The equitable garnishment action was not removable when originally filed because Stratman was a forum defendant. Allstate maintains that the July 17, 2018 Settlement Agreement between Allstate and the Holdemans constitutes "other paper" that triggered a thirty-day window in which it could remove. Allstate further argues that Stratman acted in bad faith by delaying the filing of his cross-claim, which obviates the one-year time limit on diversity removals. In seeking remand, Stratman disputes that he acted in bad faith to prevent Allstate from removing and contends that therefore, Allstate's Notice of Removal is untimely because the action had been pending in state court for more than one year.[2]

**Legal Standard**

"[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 51 F.3d 812, 816 (8th Cir. 2009). A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). The removing party has the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

**Discussion**

It is undisputed that this case was pending in state court for more than one year before Allstate removed. The next question to be addressed is whether 28 U.S.C. § 1446(c)(1)'s bad faith exception to the one-year limitation applies. 28 U.S.C. § 1446(c)(1) provides that where removal is based on diversity, the case cannot be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *See Ingham v. Johnson & Johnson*, 2017 U.S. Dist. LEXIS 111211, at *5-6 (E.D. Mo. July 18, 2017) (28 U.S.C. § 1446(b)(3)'s thirty-day window based on receipt of "other paper" is subject to Section 1446(c)(1)'s one-year limitation). Here, even assuming it is proper to realign Stratman as plaintiff, the Court does not find bad faith by Stratman.

---

[2] Because the Court found the briefing adequate to rule on the motion without argument, Stratman's request for oral argument is denied. (Doc. 8 at 2.) The Court notes that in accordance with its policy, it will automatically grant any request for oral argument on a contested substantive motion that states that a lawyer of no more than six years out of law school will conduct the oral argument. https://www.mow.uscourts.gov/judges/ketchmark.

*See Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) (It is the court's duty to "look beyond the pleadings and arrange the parties according to their sides in the dispute.").

In support of its argument that Stratman engaged in bad faith litigation, Allstate states as follows:

> Stratman has deliberately filed a legally premature and unripe Cross-claim for insurance bad faith in the garnishment action in order to deprive Allstate of a federal forum for that claim. Had Stratman filed this Cross-claim within the one year, when his answer was due (*i.e.,* 30 days after the March 27, 2017 garnishment petition was filed) or at any time after that but prior to the expiration of the one year, Allstate could and would have removed on the ground that the claim was fatally premature and therefore fraudulently misjoined or fraudulently joined with the Holdemans' claims in order to prevent a federal forum as to Stratman's claim.

(Doc. 11 at 7.) The Court finds this argument is problematic for two reasons. First, according to Allstate's basis for removal, it could not have removed until the Holdemans settled and dismissed their claim. Stratman's action, standing alone, did not prevent Allstate from removing in that federal jurisdiction would still have been lacking irrespective of when the cross-claim was filed. In other words, if Stratman had filed an answer and cross-claim immediately after the underlying action was filed, Allstate could not have removed the case to federal court until after the underlying action was dismissed by the Holdemans, well after the one-year time limit. The Court does not find Stratman engaged in bad faith based on these facts and therefore it need not determine whether Stratman's cross-claim is in fact legally premature.

Second, under the scenario Allstate describes, neither the doctrine of fraudulent misjoinder nor fraudulent joinder is applicable. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Relatedly,

> Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other.

*Id.* Allstate does not argue that the action brought by the original plaintiffs, the Holdemans, was fraudulent in some way. Rather, Allstate maintains that it missed the opportunity to assert these doctrines as grounds for removal due to Stratman's delayed cross-claim. Consequently, Allstate has not met its burden to establish removal jurisdiction based on § 1446(c)(1)'s bad faith exception.

3

## Conclusion

In sum, because the Court does not find that Stratman acted in bad faith to prevent Allstate from removing, Allstate's Notice of Removal is untimely because the action has been pending in state court for more than one year. Pursuant to section 1446(c)(1)'s one-year limitation, Stratman's Motion to Remand (Doc. 8) is **GRANTED**. This action is remanded to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

<u>s/ Roseann A. Ketchmark</u>
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 23, 2019